UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KERA TURNER, *et al.*,<br><br>     Plaintiffs,<br>v.<br><br>COUNTY OF WASHOE, *et al.*,<br><br>     Defendants. | Case No. 3:23-cv-00407-ART-CSD<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

    Plaintiffs Kera and Joseph Turner bring this action against Defendants Washoe County and six employees of its Child Protective Services division alleging mistreatment during their child dependency proceedings and unjust retention of their property by the Washoe County Sheriff's Office. Before the Court is Plaintiff's "Ex-Parte Motion for Miscellaneous Administrative Relief" (ECF No. 46) and Plaintiff's Motion to Reconsider (ECF No. 61). For the reasons identified below, the Court denies both motions.

## I.    BACKGROUND

    The relevant facts are recited in detail in the Court's order on Defendants' motion to dismiss. (ECF No. 44.)

    Plaintiffs brought this action in August 2023, bringing claims challenging aspects of their dependency proceedings and claims challenging the County's seizure of their property. (*Id.* at 5.) In August 2024, the Court granted in part and denied in part Defendants' motion to dismiss. (ECF No. 44.) The Court found that three of Plaintiffs' four dependency claims were barred by the *Rooker-Feldman* doctrine and dismissed those claims with prejudice. (ECF No. 44 at 6–17.) The Court allowed Plaintiffs' First Amendment claim to proceed. (*Id.* at 15, 17.) The Court allowed Plaintiffs to file a Second Amended Complaint alleging that claim as well as a claim for violation of their Fourth and Fourteenth Amendment rights. (*Id.* at 17–18.) The Court dismissed Plaintiffs' property claims but granted leave

1

1  to amend. (ECF No. 44 at 18–21.) The Court gave Plaintiffs thirty days to file a
2  Second Amended Complaint consistent with that order. (*Id.* at 21.)

3  Before the deadline, Plaintiffs filed an "Ex-Parte Motion for Miscellaneous
4  Administrative Relief," which essentially requested more time to file their
5  complaint. (ECF No. 46.) Because this was not properly filed, and was effectively
6  replaced by the motion to reconsider, the Court denies that motion as moot.

7  In June 2025, Plaintiffs, now represented by counsel, filed the present
8  motion to reconsider which, among other things, requests more time to file a
9  Second Amended Complaint. (ECF No. 61.)

10  **II.    LEGAL STANDARD**

11  A district court may reconsider an interlocutory order for cause, so long as
12  it retains jurisdiction. LR 59-1(a). Reconsideration may be appropriate if the
13  district court "(1) is presented with newly discovered evidence, (2) committed clear
14  error or the initial decision was manifestly unjust, or (3) if there is an intervening
15  change in controlling law*." Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th
16  Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.
17  1993)); *see also* LR 59-1(a). "Motions for reconsideration are disfavored. A movant
18  must not repeat arguments already presented unless (and only to the extent)
19  necessary to explain controlling, intervening law or to argue new facts." LR 59-
20  1(b). Motions for reconsideration "must be brought within a reasonable time" and
21  "[l]ack of diligence or timeliness may result in denial of the motion." *Id.*

22  **III.   DISCUSSION**

23  **1. Timeliness**

24  Plaintiffs filed their motion for reconsideration ten months after this Court's
25  order on the motion to dismiss. Plaintiffs' current counsel was admitted to
26  practice in this case in November 2024, but waited until June 2025 to file this
27  motion for reconsideration. (*See* ECF Nos. 48, 61.) Counsel's arguments that he
28  was diligent in filing this motion based on the combination of the winter holidays,

familiarization with Nevada law, and reviewing Defendants' discovery, are unpersuasive.

### 2. Clear Error

Plaintiffs request that the Court reconsider its dismissal of three claims under the *Rooker-Feldman* doctrine, arguing that its application of that doctrine to Plaintiffs' due process claims was in clear error. Plaintiffs cite a recent Ninth Circuit decision, *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), but do not argue that this case represents a change in controlling law. (ECF No. 61 at 8–9.) Plaintiffs repeat arguments they made in response to the motion to dismiss more than a year ago (during which Plaintiffs were represented by prior counsel). For example, Plaintiffs argue that the Court was incorrect to apply the *Rooker-Feldman* doctrine because they are not seeking to appeal or challenge any state court orders. (ECF No. 61 at 10.) Plaintiffs made the same argument in their opposition to the motion to dismiss. (ECF No. 34 at 6–8.) The Court considered and rejected those arguments in its order and declines to reconsider on that basis.

### 3. Leave to Amend

Plaintiffs also seek leave to amend. The Court grants that request. However, Plaintiffs may not have an unlimited "stay" to file their amended complaint, as they appear to request. Plaintiffs may have an additional 30 days to file a Second Amended Complaint curing the deficiencies outlined in the Court's prior order.

Plaintiffs finally request that the Court allow Plaintiffs to "join" A.T., a minor, to this proceeding. The Court construes this as a request to bring a claim related to A.T. in their amended complaint. The Court previously granted Plaintiffs leave to amend their complaint to include a Fourth and Fourteenth Amendment claim related to A.T. (ECF No. 44 at 17–18.) Plaintiffs may do so in their Second Amended Complaint.

**IV.   CONCLUSION**

The Court therefore DENIES as moot Plaintiff's Ex-Parte Motion for Miscellaneous Administrative Relief (ECF No. 46).

The Court further DENIES Plaintiff's Motion for Reconsideration (ECF No. 61).

Plaintiffs may have until September 3, 2025, to file a Second Amended Complaint consistent with this order and the Court's prior order.

DATED: August 4, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4